# United States District Court
**WESTERN DISTRICT OF NEW YORK**

---

CELIO RANUFOLO CASTRO-CASTRO,

*Petitioner*,

v.

PHILIP RHONEY, IN HIS OFFICIAL CAPACITY AS DEPUTY FIELD DIRECTOR, BUFFALO FIELD OFFICE, U.S. IMMIGRATION & CUSTOMS ENFORCEMENT,

*Respondents*.

1:26-cv-00342-BDP

DECISION & ORDER

---

Petitioner, Celio Ranufolo Castro-Castro, an Ecuadorian citizen, petitions for a writ of habeas corpus under 28 U.S.C. § 2241, challenging the lawfulness of his detention by Immigration and Customs Enforcement ("ICE"). *See generally* Pet. (the "Petition"), ECF No. 1. Castro was taken into ICE custody and transferred to the Buffalo Detention Facility ("BDF") after he was encountered stealing a radio worth $10 from a Dollar General store. *See id.* ¶¶ 41–42. Castro contends that his continued custody at the Buffalo Detention Facility ("BDF") without a bond redetermination hearing violates his due process rights.[1] *Id*. ¶ 56. Castro seeks immediate release from custody or, in the

---

[1] Castro also asserts claims that ICE has violated the Immigration and Nationalization Act and separately asks this Court to "enforce a court order" issued by the Central District of California in *Lazaro Maldonado Bautista et al v. Ernesto Santacruz Jr et al.*, No. 5:25-CV-01873-SSS-BFM, 2026 WL 639921, at *2 (C.D. Cal. Feb. 25, 2026). Because the Court finds Castro's continued detention violates his due process rights, the Court does not address the merits of Castro's other claims.

alternative, a bond hearing. *See Id.* at 14–15. Pending before the Court[2] is a motion by the Government to dismiss Castro's Petition.

For the reasons stated below, the Government's motion is denied, Castro's Petition is granted, and the Court orders a bond hearing to be held within seven days of the entry of this order.

## BACKGROUND

Castro is a native and citizen of Ecuador who last entered the United States in 2009 without being admitted or paroled and without a valid entry document. *Id.* ¶ 1; Amoia Decl. ¶ 5, ECF No. 11-4. On the evening of February 15, 2026, Castro was arrested for petty larceny and trespassing in Machias, New York. Pet. ¶ 41; Amoia Decl. ¶ 6. Castro was charged with Petit Larceny and issued an appearance ticket. Amoia Decl. ¶ 7. Upon becoming aware of Castro's arrest, ICE took him into custody and transferred him to the Buffalo Federal Detention Facility. *Id.* ¶ 8. On February 16, 2025, DHS served a Warrant for Arrest of Alien on Castro and the same day he agreed to a voluntary departure from the United States back to Ecuador. *Id.* ¶¶ 9–10. Castro subsequently rescinded through counsel his agreement to a voluntary departure. *Id.* ¶ 12. As a result, ICE placed Castro in removal proceedings on February 25, 2026, by issuing a Notice to Appear charging him as removable pursuant to § 212(a)(6)(A)(i) of the Immigration and Nationality Act. *Id.* ¶

[2] The Clerk of Court for the Western District of New York reassigned this case to the undersigned on May 1, 2026.

13. While he was still detained at the BDF, criminal proceedings against Castro took place in Machias Town Court. Moar Decl. ¶ 2, ECF No. 15. In those proceedings, Castro's original charges for Petit Larceny were resolved when he was convicted of the lesser crime of disorderly conduct. *Id.* ¶ 8; Certification of Disposition ("Disposition"), ECF No. 15-5. Castro is currently in ICE's custody at the Buffalo Federal Detention Facility, and the removal proceedings against him remain pending. *Id.* ¶ 14.

**DISCUSSION**

"Noncitizens are ... entitled to challenge through habeas corpus the legality of their ongoing detention." *Velasco Lopez v. Decker*, 978 F.3d 842, 850 (2d Cir. 2020). "The Supreme Court has been unambiguous that executive detention orders, which occur without the procedural protections required in courts of law, call for the most searching review." *Id.* In analyzing Castro's due process claim, the Court holds that Castro is not subject to mandatory detention under Section 1226(c) and instead is subject only to discretionary detention under Section 1226(a). Thus, Castro's due process rights were violated when ICE detained him without first making an individualized determination as to his dangerousness and flight risk. *See De La Cruz v. Rhoney*, No. 25-CV-6699-MAV, 2026 WL 891658, at *10 (W.D.N.Y. Apr. 1, 2026).

The Government asserts that Castro is subject to mandatory detention under the recently-amended 8 U.S.C. § 1226(c). *See* Mot. to Dismiss at 3–4, 7, ECF No. 11-1. This provision mandates detention when a noncitizen in removal proceedings "is charged

with," "is arrested for," "is convicted of," or "admits having committed," or "admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person." 8 U.S.C. § 1226(c); *see* Laken Riley Act, Pub. L. No. 119-1, § 2(1)(C), 139 Stat. 3, 3 (2025).

However, Castro was not convicted of any of the crimes enumerated by Section 1226(c) – he was convicted only of disorderly conduct. Moar Decl. ¶ 8; ECF No. 15-5. The Government argues that even though "Petitioner's conviction is not for petit larceny, [it] does not change that he remains subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(E)" because "when he was taken into ICE custody he had been arrested and was then facing charges for petit larceny." ECF 16 at 1. The Court finds the Government's argument unconvincing.

Despite the Government's assertions to the contrary, numerous courts in this Circuit have held that Section 1226(c) does not compel detention where charges have been dropped or dismissed because "Congress used the present tense '*is* charged with' as opposed to *was* or *has* been when defining the scope of the obligation to detain." *Oscar Enrique Rivera Guzman v. Paul Arteta, et al.*, No. 26 CIV. 2808 (DEH), 2026 WL 1045920, at *3 (S.D.N.Y. Apr. 16, 2026) (quoting 8 U.S.C. § 1226(c)(1)(E)(ii)). "[T]he text of § 1226(c)(1)(E)(ii) does not provide for mandatory detention where, as here, charges have been dropped." *Rueda Torres v. Francis*, No. 25 CIV. 8408 (DEH), 2025 WL 3168759, at *5

(S.D.N.Y. Nov. 13, 2025), *appeal withdrawn sub nom. Torres v. Genalo*, No. 26-115, 2026 WL 1091200 (2d Cir. Apr. 15, 2026). Section 1226(c)(1)(E)(ii) proceeds by listing the steps of a criminal proceeding beginning with an arrest through conviction. *See* 8 U.S.C. § 1226(c)(1)(E)(ii). At each stage, Congress elected to use the present tense, such as "is charged with" rather than using the past tense such as "was charged with" or "has been charged with." *Id.* "Under common usage of the English language, if criminal charges against someone have been dropped, we would not continue to say the person is 'charged with' that crime, present tense." *Guzman*, 2026 WL 1045920, at *3 (quoting *Helbrum v. Williams Olson*, No. 25 Civ. 349, 2025 WL 2840273, at *5–6 (S.D. Iowa Sep. 30, 2025)).

Had Congress intended to make detention mandatory for individuals who at one point had been charged or arrested for specific crimes, it could have done so. But the plain language of Section 1226(c) does not indicate that Congress intended to mandate detention on such a broad scale, and we decline to read the statute in such a manner that would require detention of any individual who had been previously arrested for, or charged with, the crimes enumerated by the statute at the time of their initial detention. *See* ANTONIN SCALIA & BRYAN A. GARNER, READING LAW: THE INTERPRETATION OF LEGAL TEXTS 93 (2012) ("Nothing is to be added to what the text states or reasonably implies. . .That is, a matter not covered is to be treated as not covered.").

Further, Section 1226(c)(1)(E)(ii) limits itself to only specific enumerated crimes. The law requires mandatory detention only when a noncitizen is "arrested for, is

convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person." 8 U.S.C. § 1226(c)(1)(E)(ii). Castro was initially charged with Petit Larceny but was convicted of nothing other than disorderly conduct. Moar Decl. ¶ 8; ECF No. 15-5. Disorderly conduct is not one of the crimes enumerated in the amended version of Section 1226(c), nor does it constitute the essential elements of any of the crimes enumerated by Section 1226(c). Had Castro been convicted of Petit Larceny in Machias Town Court, the outcome of his petition obviously may have been different – but those are not the facts we are presented with here. Instead, Castro was convicted only of disorderly conduct. Consequently, he is not subject to the mandatory detention provisions of Section 1226(c). *Id.*

Because Castro is not subject to mandatory detention under Section 1226(c), the Court finds that he is subject only to discretionary detention under Section 1226(a). Section 1226(a) provides that the Attorney General "*may* continue to detain the arrested alien" or "*may* release the alien on -- (A) bond of at least $1,500 with security approved, by and containing conditions prescribed by, the Attorney General; or (B) conditional parole." 8 U.S.C. § 1226(a) (emphasis added). Section 1226(a) gives the Government discretion over whether an alien should be detained while awaiting removal proceedings, but it does not mandate detention. Courts across this Circuit have repeatedly held that

when Section 1226(a) governs an individual's detention that individual "is entitled to a bond hearing." *Rhoney*, 2026 WL 891658 at *10. "[B]efore the Government may exercise [its] discretion to detain a person, '§ 1226(a) and its implementing regulations require ICE officials to make an individualized custody determination.'" *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 492–93 (S.D.N.Y. 2025) (quoting *Velesaca v. Decker*, 458 F. Supp. 3d 224, 241 (S.D.N.Y. 2020)); *see also Leiva v. Shanahan*, No. 26-CV-1509 (PKC), 2026 WL 829119, at *2 (E.D.N.Y. Mar. 26, 2026).

The Government does not dispute that Castro was detained without an individualized determination as to his flight risk or his dangerousness and instead represents they were required by law to detain him while removal proceedings were pending. *See* Mot. To Dismiss at 3–4, 7. The Court finds that the Government is incorrect. Because Castro's detention is governed by Section 1226(a) rather than 1226(c), and is thus discretionary, Castro is entitled to a prompt bond hearing before he is detained any longer.

## CONCLUSION

Accordingly, Respondents' motion to dismiss (ECF No. 11) is DENIED; and Petitioner's application for habeas relief (ECF No. 1) is GRANTED. The Court finds Petitioner is detained under 8 U.S.C. § 1226(a) and is therefore entitled to a bond hearing under the relevant regulations. The Court therefore ORDERS that Respondents hold a bond hearing for Petitioner within seven (7) days of the entry of this order. It is further

ORDERED that Respondents should file a status update on the docket fourteen (14) days after the entry of this order.

**SO ORDERED.**

s/ Barrington D. Parker

Hon. Barrington D. Parker
Senior Circuit Judge of the U.S. Court of Appeals
for the Second Circuit, sitting by designation

DATED: May 28, 2026

Buffalo, NY